# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM HOWARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4580** |
| **BURL CAIN, WARDEN** | **SECTION "J"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, it is recommended that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, William Howard, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]   More than 15 years ago, on October 7, 1993, William Howard was indicted with his brothers, Anthony Howard and Lawrence Howard, by an Orleans Parish grand jury on the charge of second degree murder.[3]  The Louisiana Fourth Circuit Court of Appeal summarized the facts of the case as follows:

> Late in the night of August 13, 1993, Sherman Banks and Frederick Davis were walking to a restaurant on Broad and Bienville Streets when they saw the three Howard brothers arguing.  One brother punched Davis in the jaw purportedly because Davis and Banks were laughing. Davis then ran away.  Shortly afterwards, Banks met up with Davis and another friend, Jerome Jordan, and the three started to walk toward the restaurant again, using a different route.  They later saw the Howard brothers' mother, Valerie Cordova, on the street.  Banks and Davis approached her to ask why her son had hit Davis.  Cordova reported that her sons were upset about an incident that had happened earlier that night in which one of their friends had been shot in the face.  With his brothers, William and Anthony, in the car, Lawrence Howard then drove up to where their mother was. The defendant, William Howard, jumped out of the car and shot and killed Davis with a shotgun in the back of the neck.  After Anthony pushed their mother into the car, Lawrence drove away.
> Later that night, the Howard brothers were stopped by a police officer near Central Lockup for a traffic violation, and William Howard confessed that he had killed someone and that the gun was in the car trunk.

State v. Howard, 680 So.2d 791 (La. App. 4th Cir. 1996) (Table); State Record Volume 3 of 4, Louisiana Fourth Circuit Opinion, 1996-KA-0085, September 4, 1996.

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 2 of 4, Grand Jury Indictment, 10/07/93.

On July 13, 1995, following trial by jury, Howard was found guilty as charged.[4] On September 29, 1995, Howard was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence.[5] On November 2, 1995, attorney Kevin Boshea enrolled as Howard's counsel and, on November 15, 1995, filed a notice of appeal on Howard's behalf.[6]

On appeal, Howard alleged that the evidence was sufficient to support a conviction only of manslaughter rather than second degree murder and that the trial court erred with respect to the charge provided to jurors regarding "reasonable doubt."[7] The Louisiana Fourth Circuit found the claims to be without merit and affirmed the conviction and sentence on September 4, 1996.[8]

The Louisiana Supreme Court denied Howard's writ application without reasons on February 21, 1997.[9] His conviction became final 90 days later, on or about May 22,

---

[4]St. Rec. Vol. 2 of 4, Docket Master, p. 4. The jury could not reach a verdict with regard to Howard's brothers and co-defendants, Anthony Howard and Lawrence Howard. On August 7, 1995, Anthony Howard and Lawrence Howard pled guilty to being accessories after the fact, in violation of LSA-R.S. 14:25. St. Rec. Vol. 2 of 4, Docket Master, p. 4.

[5]St. Rec. Vol. 2 of 4, Docket Master, p. 5.

[6]St. Rec. Vol. 2 of 4, Docket Master, p. 5.

[7]St. Rec. Vol. 3 of 4, Appeal Brief, 1996-KA-0085, 04/08/96 (filing date).

[8]State v. Howard, 680 So.2d 791 (La. App. 4th Cir. 1996) (Table); St. Rec. Vol. 3 of 4, 4th Cir. Opinion, 1996-KA-0085, 09/04/96.

[9]State v. Howard, 688 So.2d 523 (La. 1997); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 1996-K-2428, 02/21/97.

1997, when he did not file a petition for writ of certiorari in the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

About three years later, on February 23, 2000, Howard's new counsel, Keith Couture, filed with the state district court on behalf of Howard an application for post-conviction relief.[10] Years later, three hearings, on August 11, 2005, December 11, 2006, and February 8, 2007, were held in the state district court in connection with Howard's post-conviction application.[11] The district court, following the February 8, 2007 hearing, denied Howard's application for post-conviction relief.[12]

---

[10]Mr. Couture represents, in the instant federal petition for writ of habeas corpus (rec. doc. 1, p. 2), that Howard's application for post-conviction relief was filed with the Orleans Parish Criminal District Court on February 23, 2000. This was likewise the filing date acknowledged by the State in a December 11, 2006 "Application for Post Conviction Relief Hearing" conducted before Orleans Parish Criminal District Court Judge Jerome Winsberg. St. Rec. Vol. 4 of 4, p. 2, line 28. The actual post-conviction application, however, has not been produced by counsel and is not contained in the State Record. In "William Howard's Reply to Court's Order", filed with the Louisiana Fourth Circuit on June 20, 2007 (St. Rec., Vol. 4 of 4, p. 1), Mr. Couture explained: "The original Application for Post Conviction Relief in the possession of Relator's counsel was destroyed in Hurricane Katrina (counsel's office was on West Judge Perez Drive in Chalmette). Counsel is not in possession of any copies of the Application for Post Conviction Relief."

[11]The transcripts from the December 11, 2006 and February 8, 2007 hearings are contained in the State Record, Volume 4 of 4. With regard to the transcript from the August 11, 2005 hearing, the court reporter, Mary Beth Meyer, on June 7, 2007 submitted a "Certificate" attesting that her notes and tapes of the August 11, 2005 hearing "were lost in the flood." St. Rec. Vol. 4 of 4.

[12]St. Rec. Vol. 4 of 4, transcript of February 8, 2007 application for post-conviction relief hearing, p. 8, lines 13-15.

On or about April 26, 2007, a writ application was filed with the Louisiana Fourth Circuit Court of Appeal on behalf of Howard, claiming that Howard was entitled to relief based upon the fact that he had received ineffective assistance of counsel.[13] On August 13, 2007, the Louisiana Fourth Circuit denied Howard's writ application, finding no error in the district court's decision.[14] On June 20, 2008, the Louisiana Supreme Court also denied Howard's subsequent application for relief,[15] without assigning reasons.

## II.  FEDERAL HABEAS PETITION

In October 1, 2008, counsel filed on Howard's behalf a petition for federal habeas corpus relief in this court, claiming that Howard is entitled to habeas corpus relief because he received ineffective assistance of counsel.[16] The State filed a response in opposition to the petition arguing that the petition should be dismissed as untimely under federal law.[17]

---

[13] St. Rec. Vol. 4 of 4.

[14] St. Rec. Vol. 4 of 4, 4th Cir. Order, 2007-K-0526, 8/13/07.  One member of the three-judge appellate review panel, Judge Patricia Rivet Murray, dissented from the majority's opinion, stating that she "would grant the writ application, reverse the trial court's ruling and order that the relator be granted a new trial on the basis of ineffective assistance of counsel."

[15] State v. Howard, 983 So.2d 1269 (La. 2009); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2007-KP-2008, 06/20/08.

[16] Rec. Doc. No. 1.

[17] Rec. Doc. No. 8.

III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[18] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Howard's petition.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). In this case, the State has raised the defense that the petition is not timely filed.

IV. STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[19] Duncan v. Walker, 533 U.S. 167, 179-80

---

[18] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[19] The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus

6

(2001). Howard's conviction became final on or about May 22, 1997, when he did not seek review of his conviction in the United States Supreme Court.

Therefore, under a literal application of the statute, Howard had until May 22, 1998, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408,

---

by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Howard has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in court decisions. See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal

district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does <u>not</u> create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

9

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures'").

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea

10

is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

As stated above, Howard's conviction became final on May 22, 1997. The one-year limitations period began to run on May 23, 1997, and did so, without interruption, for 365 days, until approximately May 23, 1998, when the one-year limitations period expired. Howard had no properly filed state post-conviction or other collateral review proceedings of any kind pending during that time. His later application for post-conviction relief on February 23, 2000, filed almost two years after the AEDPA limitations period had already expired, has no effect on the federal timeliness calculation. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Howard's federal petition was filed on October 1, 2008, which is more than ten years after expiration of the AEDPA filing period. Thus, his petition must be dismissed as time-barred.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of William Howard for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __10th__ day of February, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE